**HOMEDICAL INCORPORATED, Plaintiff,**

v.

**SARNS/3M HEALTH CARE, INC., John Doe, Inc., Richard Roe, Defendants.**

**Civ. No. 93–1681 (SEC).**

United States District Court, D. Puerto Rico.

Feb. 13, 1995.

Jose A. Pagan–Nieves, San Juan, PR, for plaintiff.

Jaime Brugueras, Muñoz Boneta Gonzalez Arbona Benitez & Peral, Hato Rey, PR, for defendants.

**OPINION AND ORDER**

CASELLAS, District Judge.

As foreshadowed during the pretrial conference held January 27, 1995, defendant has filed a Motion in Limine seeking to exclude any oral evidence to establish that plaintiff Homedical Inc. ("Homedical") was the exclusive distributor of Sarns/3M products in Puerto Rico, until such time as a proper foundation for the admission of such evidence is laid. It cites to *Vilá & Hnos. v. Owens Illinois,* 117 D.P.R. 825 (1986) as support for its contentions in this respect. Defendant also moves for an order *in limine* excluding any post-termination evidence in connection with plaintiff's calculation of damages. Plaintiff has timely opposed said motion, and now the issues are ripe for disposition by this Court.

At first blush, defendant's motion *in limine* seems to rehash most of the same arguments raised originally in its motion for summary judgment, which was denied pursuant to the Court's Opinion and Order of January 24, 1995. For example, a significant portion of the motion *in limine* is spent discussing whether Article 82 of the Puerto Rico Commerce Code, 10 L.P.R.A.App. 1, § 1302, and the Puerto Rico Supreme Court's holding in *Vilá & Hnos.,* present an obstacle to the use of testimony regarding prior course of dealing between the parties as an avenue to establish the exclusive nature of their relationship. The Court addressed these same issues in its Opinion and Order denying defendant's motion for summary judgment, holding that evidence of the commercial practice between the parties was ad-

missible as a helpful tool in diagnosing the exclusive or nonexclusive nature of their relationship. We see no reason to deviate from our holding, especially since defendant no longer disputes the existence of a distribution contract, and therefore deny defendant's motion in this respect. The Court notes however, that defendant is free to raise the issue of the legal sufficiency of plaintiff's proof at trial, at the close of plaintiff's case, in the form of a motion for judgment as a matter of law.

■ The second issue raised by defendant's motion relates to plaintiff's intention to rely on post-termination evidence to establish damages. Defendant contends that it may not do so. Defendant's contention is based on the fact that the report submitted by plaintiff's expert ignores the criteria set forth by No. 75 to calculate damages and instead calculates damages based upon sales of Sarns/3M products occurring after termination of the parties' relationship. According to defendant, by neglecting to use information related to sales and purchases by plaintiff Homedical prior to the alleged termination, and by neglecting to consider in any manner Homedical's performance prior to the alleged termination, plaintiff's expert is merely speculating as to what Homedical's performance in the future would have been, had it remained a Sarns/3M distributor.

Article 3 of Law 75, 10 L.P.R.A. § 278b, sets forth the criteria to be followed when awarding damages in this type of dispute. For purposes of this case, the pertinent provisions read as follows:

> If no just cause exists for the termination of the dealer's contract for detriment to the established relationship, or for the refusal to renew the same, the principal shall have executed a tortious act against the dealer and shall indemnify it to the extent of the damages caused by him, the amount of such indemnity to be fixed on the basis of the following factors:
>
> (a) ...
>
> (b) ...

> (c) the good will of the business, or such part thereof attributable to the distribution of the merchandise or to the rendering of the pertinent services, said good will to be determined by taking into consideration the following factors:
>
> (1) number of years the dealer has had charge of the distribution;
>
> (2) actual volume of the distribution of the merchandise or the rendering of the pertinent services and the proportion it represents in the dealer's business;
>
> (3) proportion of the Puerto Rican market said volume represents;
>
> (4) any other factor that may help establish equitably the amount of said good will;
>
> (d) the amount of the profit obtained in the distribution of the merchandise or in the rendering of the services, as the case may be, during the last five years, or if less than five, five times the average of the annual profit obtained during the last years, whatever they may be.

10 L.P.R.A. § 278b.[1]

To be sure, plaintiff's recovery is not necessarily limited to the types of damages enumerated in section 278b. The factors listed act only as guidelines. *See Marina Industrial, Inc. v. Brown Boveri Corp.,* 114 D.P.R. 64 (1983). Seizing upon this language in the Puerto Rico Supreme Court's decision in *Marina Industrial,* plaintiff argues that the sales of Sarns/3M products in Puerto Rico after June 10, 1992 (the date of the letter from Sarns/3M to Homedical which allegedly caused the termination of the relationship) should be taken into account when calculating the damages suffered by Homedical. According to plaintiff, this measure of damages is justified because at the time Homedical received the letter informing it of the effective termination of its exclusive distribution agreement, the value of the product line was increasing significantly due to the upswing of the cardiovascular devices market in Puerto Rico.

---

1. The remaining two factors are the expenses incurred in the acquisition and fitting of premises, equipment, installations, furniture and utensils not otherwise useful (10 L.P.R.A. § 278b(a)), and the cost of inventory stock which cannot otherwise be used or sold (10 L.P.R.A. § 278b(b)).

In order to determine the amount of compensation necessary to put the distributor in as good a position as he would have been by full performance of the contract, the full extent of the injury caused by defendant's allegedly wrongful termination must be considered. This injury includes the losses suffered as well as the gains prevented. *See Pan American Computer Corp. v. Data General Corp.*, 562 F.Supp. 693, 700 (D.P.R. 1983). The plaintiff is therefore entitled to be indemnified for the excess profits generated by its efforts, but which will be enjoyed in the future distribution of the line. *San Juan Mercantile Corp. v. Canadian Transport Co., Ltd.*, 108 D.P.R. 211, 214 (1978). It is plaintiff's burden of course, to present sufficient evidence so as to enable a reasonable jury to determine whether such excess profits were generated in this case. *See Ballester Hermanos, Inc. v. Campbell Soup Co.*, (Pieras, J.) Civil No. 92–1096 (JP), Opinion and Order of July 7, 1993, 1993 WL 764320, 1993 U.S.Dist.Lexis 9619.

█ Notwithstanding the fact that plaintiff may be entitled to a measure of damages which includes the loss of good will as well as lost profits, it does not automatically follow that plaintiff may rely on post-termination evidence to sustain his burden of proof regarding these matters. In fact, the statute itself suggests otherwise.

For example, section 278b directs that the computation be made as of the date of termination, of the amount of profits obtained in the distribution of the merchandise during the last five years. In this case, plaintiff seeks to introduce evidence of purchases made by 3M Puerto Rico after the alleged termination, in order to establish the goodwill it claims it enjoyed, on the theory that had the distribution agreement endured, Homedical would have recorded sales equivalent to those of 3M Puerto Rico. Plaintiff's argument proves too much. As remarked above, the law provides compensation to the dealer for the value of the goodwill gained as a consequence of its own marketing and distribution efforts. *San Juan Mercantile v.*

*Canadian Transport Co.*, supra. It is not an indemnification for the breach of a contractual obligation, nor is it a compensation of a social nature; it is rather a compensation for services actually rendered by the distributor. *Draft–Line Corp. v. Hon Co.*, 781 F.Supp. 841, 847 (D.P.R.1991) (citing *San Juan Mercantile*, supra). Furthermore, to extend the computation of damages into the indefinite future would lead to considerable uncertainty as to the accuracy of such measures.[2] Consequently, we decline plaintiff's invitation to extend the scope of the damages provisions under No. 75. *See Acadia Motors, Inc. v. Ford Motor Company*, 44 F.3d 1050, 1057 (1st Cir.1995) (It is not appropriate for a federal district court, however well-intentioned, to set forth a rule unsupported by a state statute. As we have repeatedly warned, federal courts must take great caution when blazing new state-law trails). The Court therefore holds that post-termination evidence is not admissible to prove damages suffered by plaintiff due to its inherently speculative nature.

WHEREFORE, for the reasons set forth above, it is ORDERED that defendant's motion *in limine* is GRANTED in part and DENIED in part.

**SO ORDERED.**

---

2. Significantly, plaintiff does not cite any supporting authorities to buttress his interpretation of the statute, or call into question the authorities cited herein which lend support to the contrary view.